UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Fred A. Colvin, Chairman of the Board of Trustees, on behalf of BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION FUND, *et al.*, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:17-cv-232 ) |
| ALAN D. STENSRUD, d/b/a COUTURE SURFACES, *et al.*, | ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the court on the Verified FRCP, Rule 37(a)(3)(B) Motion, With Self-Contained Brief, to Compel Defendant Watson Commercial Group, Inc., d/b/a Couture Surfaces to Respond to Plaintiffs' Written Discovery [DE 25] filed by the plaintiffs, Fred A. Colvin, Chairman of the Board of Trustees, on behalf of Bricklayers Union Local No. 6 of Indiana Pension Fund, *et al.,* on November 2, 2017. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiffs initiated this matter on May 24, 2017, to collect delinquent fringe benefit contributions and deductions that allegedly are owed by the defendants to the plaintiffs. On September 1, 2017, the plaintiffs served their First Set of Interrogatories, First Request for Production of Documents, and First Request to Admit Facts and Genuineness of Documents on the defendant, Watson Commercial Group, Inc. d/b/a Couture Surfaces. The plaintiffs have indicated that Watson responded to the plaintiffs' first request to admit facts in early October of

2017. However, the plaintiffs have not received Watson's answers to the interrogatories or its responses to the request for production.

Pursuant to Local Rule 37.1, the plaintiffs filed a certification indicating that they attempted to resolve this discovery dispute with Watson before requesting court intervention. Specifically, to resolve the present dispute the plaintiffs have mailed a letter, participated in a telephone call, prepared an additional letter, placed an additional telephone call, and emailed Watson's attorney regarding the outstanding discovery. Although Watson allegedly indicated during a telephone call on September 10, 2017, that it would produce the documents requested, the plaintiffs have not received Watson's responses to the discovery. Watson did not respond or object to the present Motion to Compel.

*Discussion*

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." ***Chavez v. DaimlerChrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. ***Borom v. Town of Merrillville***, 2009 WL 1617085, at *1 (N.D. Ind. June 8, 2009) (citing ***Sanyo Laser Prods., Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see* ***Adams v. Target***, 2001 WL 987853, at *1 (S.D. Ind.

July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle*, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)–(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 Ibew*, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citing *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449–50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, at *3 (N.D. Ind. May 13, 2009) (internal citations omitted); *Carlson Rests. Worldwide, Inc. v. Hammond Prof'l Cleaning Servs.*, 2009 WL 692224, at *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing *Graham v. Casey's Gen. Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted).

Watson did not respond or object to the present Motion to Compel. Therefore, it did not meet its burden to demonstrate that the requested discovery is improper. The court finds that the requested information is relevant to the plaintiffs' claims and that the plaintiffs attempted in good

faith to resolve this discovery dispute before requesting court intervention pursuant to Local Rule 37.1.

"The great operative principle of Rule 37(a)(5) is that the loser pays." Charles Alan Wright *et al.*, *8B Federal Practice and Procedure Civil* § 2288 at 787 (3d ed. 2014). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." **Rickels v. City of South Bend, Ind.**, 33 F.3d 785, 787 (7th Cir. 1994). Any loser may avoid payment by showing that its position was substantially justified. **Rickels**, 33 F.3d at 787. The failure to disclose is sanctionable and properly remedied by an order compelling discovery. **Federal Rules of Civil Procedure 37(a)(3)(B), (a)(4), (a)(5)**; *Lucas v. GC Services, L.P.*, 226 F.R.D. 328, 329–30 (N.D. Ind. 2004). Federal Rule 37(a)(5)(A) states that the court shall require sanctions based upon the costs of seeking a motion to compel. *See* **Stookey v. Teller Training Distribs., Inc.**, 9 F.3d 631, 637 (7th Cir. 1993) (citing the prior section number) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Sanctions under Rule 37(a)(5) are appropriate unless the movant filed the motion without attempting in good faith to obtain the discovery without court action, the party's nondisclosure was "substantially justified," or other circumstances make an expense award unjust. **Federal Rule of Civil Procedure 37(a)(5)(A).**

Because Watson did not respond to the motion to compel, it did not demonstrate that the plaintiffs filed the motion to compel before attempting to obtain the discovery in good faith, that its position was substantially justified, or that other circumstances make an expense award unjust.

Based on the foregoing reasons, the Verified FRCP, Rule 37(a)(3)(B) Motion, With Self-Contained Brief, to Compel Defendant Watson Commercial Group, Inc., d/b/a Couture Surfaces to Respond to Plaintiffs' Written Discovery [DE 25] is **GRANTED**. Watson is **ORDERED** to provide full and complete responses to the First Set of Interrogatories and First Request for Production of Documents within fourteen days of this order. The plaintiffs are **DIRECTED** to file an affidavit indicating their fees and expenses within fourteen days of this order.

ENTERED this 30th day of November, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge