UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Fred A. Colvin, Chairman of the ) <br> Board of Trustees, on behalf of ) <br> BRICKLAYERS UNION LOCAL NO. 6 OF ) <br> INDIANA PENSION FUND, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ALAN D. STENSRUD d/b/a COUTURE ) <br> SURFACES, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 2:17-cv-232 |

**OPINION AND ORDER**

This matter is before the court on the Motion to Vacate November 30, 2017 Opinion and Order [DE 37] filed by the defendant, Watson Commercial Group, Inc., d/b/a Couture Surfaces, on December 19, 2017. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiffs initiated this matter on May 24, 2017, pursuant to 29 U.S.C §1132 and §1145, Employee Retirement Income Security Act of 1974 (ERISA) and Section 301 of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185 (LMRA) to collect the delinquent fringe benefit contributions and deductions owed by the defendants to the plaintiffs. The court scheduled a Rule 16 Preliminary Pretrial Conference for July 28, 2017. Prior to the Rule 16 conference, the defendants filed the Motion to Dismiss Counts I, II, V, and VI of the Complaint [DE 15]. The briefing on that motion currently is stayed, and the plaintiffs voluntarily have dismissed Count V and VI.

Prior to the Rule 16 conference, the parties filed their Federal Rule of Civil Procedure 26(f) report that indicated on July 20, 2017, the parties held a planning meeting under Rule 26(f).

In light of the parties' discussions at the pretrial conference about the possibility of settlement, the court did not enter a Rule 16(b) scheduling order or a briefing schedule on the pending motion to dismiss. On September 1, 2017, the plaintiffs served Watson with the Plaintiffs' First Set of Interrogatories, Plaintiffs' First Request for Production of Documents, and Plaintiffs' First Request to Admit Facts and Genuineness of Documents. The plaintiffs indicated that Watson did not respond to the interrogatories or the request to produce documents. Therefore, after attempting to get Watson to respond fully to the discovery the plaintiffs filed the Verified FRCP, Rule 37(a)(3)(B) Motion, With Self-Contained Brief, to Compel Defendant Watson Commercial Group, Inc., d/b/a Couture Surfaces to Respond to Plaintiffs' Written Discovery [DE 25] on November 2, 2017. Watson did not respond to the motion to compel, and the court entered an Opinion and Order on November 30, 2017 granting the motion.

Watson has requested that the court vacate its November 30, 2017 Opinion and Order because the plaintiffs' motion to compel was procedurally improper. The plaintiffs have filed a response, and Watson has filed a reply.

*Discussion*

The court will construe Watson's motion as a motion to reconsider. Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." **Hope v. United States**, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994); *see* **Talano v. Northwestern Med. Faculty Found., Inc.**, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." **Ahmed v. Ashcroft**, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see* **Seng-Tiong Ho v. Taflove**, 648 F.3d

489, 505 (7th Cir. 2011) (explaining that a court can amend its judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence) (citing *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) ("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828; *see Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Electric Co.*, 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Global View Ltd. Venture Capital v. Great Central Basin Exploration*, 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted).

First, Watson contends that the plaintiffs failed to file a certificate of service as required under **Federal Rule of Civil Procedure 5(d)(3)** which provides as follows:

> *(3) Electronic Filing, Signing, or Verification.* A court may, by local rule, allow papers to be filed, signed, or verified by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States. A local rule may require electronic filing only if reasonable exceptions are allowed. A paper filed electronically in compliance with a local rule is a written paper for purposes of these rules.

Pursuant to **N.D. Ind. L.R. 5-2,**

> *(a) Electronic Service Permitted.* Electronically filed papers may be served electronically if service is consistent with the *CM/ECF User Manual*.
>
> *(b) When Electronic Service Is Deemed Completed.* A person registered to use the court's electronic-filing system is served with an electronically filed paper when a "Notice of Electronic Filing" is transmitted to that person through the court's electronic filing system.

The plaintiffs included a certificate of service on page six of the motion to compel. The certificate indicated that the plaintiffs had electronically filed the motion with the Clerk of the Court using the CM/ECF system which sent notification of the filing to Watson's attorneys. The Notice of Electronic Filing (NEF) is deemed the certificate of service for purposes of Rule 5(d)(1). The NEF listed Watson's attorneys of record as recipients of the motion to compel. Because the plaintiffs' motion was properly served, Watson had fourteen days after service of the motion to file a response. **N.D. Ind. L.R. 7-1(d)(2)(A).** Failure to file a response within the time prescribed may subject the motion to summary ruling. **N.D. Ind. L.R. 7-1(d)(4).** Watson did not file a response. Therefore, the court held because Watson did not respond to the motion to compel it did not demonstrate that the plaintiffs filed the motion to compel before attempting to obtain the discovery in good faith, that its position was substantially justified, or that other circumstances make an expense award unjust, and therefore granted the motion.

Next, Watson has argued that the plaintiffs failed to conduct a conference to resolve the discovery dispute as required by N.D. Ind. L.R. 37-1 and Federal Rule of Civil Procedure

37(a)(1).  "A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." **N.D. Ind. L.R. 37-1(a)**.  The court may deny any motion that failed to include the required certification.  **N.D. Ind. L.R. 37-1(b)**.

The plaintiffs complied with Rule 37 by attaching a separate certification.  Additionally, the motion to compel included the efforts that the plaintiffs took to obtain Watson's responses to the outstanding discovery.  The court has broad discretion in determining whether the moving party has satisfied the meet-and-confer component of Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37-1.  *See* ***Lucas v. GC Servs. L.P.***, 226 F.R.D. 328, 335 (N.D. Ind. 2004) (finding the plaintiffs' lack of compliance not fatal when the motion reflected an effort to confer with the defendants).

Lastly, Watson contends that since the court did not enter a scheduling order in this matter all substantive action, including discovery had been stayed.  **Federal Rule of Civil Procedure 26(d)(1)** provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)."  In this case, on July 20, 2017 the parties conferred as required by Rule 26, and submitted a written report of their meeting that specifically stated that "the parties held a planning meeting under Fed. R. Civ. P. 26(f)".  [DE 18].  The court is not required to enter scheduling order before discovery requests can be submitted.  ***Durham v. IDA Group Ben. Trust,*** 276 F.R.D. 259, 262 (N.D. Ind. 2011).  Moreover, Watson has not cited any case authority and seemingly has abandoned this argument in its reply brief.

Based on the foregoing reasons, the Motion to Vacate November 30, 2017 Opinion and Order [DE 37] is **DENIED.**

ENTERED this 30th day of May, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge